### In re LEVI & KLAUBER.

(Circuit Court of Appeals, Second Circuit. December 5, 1905.)

No. 16.

1. BANKRUPTCY—DISMISSAL OF PETITION FOR WANT OF PROSECUTION.
     A District Court has discretionary power to dismiss a petition in involuntary bankruptcy for want of prosecution, and its action is reviewable only where it appears that there has been an abuse of discretion.

2. SAME—NOTICE OF MOTION.
     The provisions of Bankr. Act July 1, 1898, c. 541, §§ 58, 59, 30 Stat. 561, 562 [U. S. Comp. St. 1901, pp. 3444, 3445], relating to notice, construed together do not require notice of a motion by the defendant to dismiss an involuntary petition for want of prosecution, except to the petitioning creditors, where no list of creditors has been filed, and no other creditors have intervened or appeared in any manner in the proceedings, and there is no reason to suspect collusion.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

A. I. Elkins, for petitioner.

J. M. Schoenfeld, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. We have no doubt of the competency of the court below to dismiss the petition in involuntary bankruptcy upon the motion of the debtor, made because of the default of the petitioning creditors to prosecute the proceeding; nor do we doubt that the exercise of the power in this case was a matter of discretion which this court cannot review, when it does not appear that the discretion was abused.

If the present creditors, or any of the creditors of the alleged bankrupt, had filed petitions to intervene, or proofs of debt, or had appeared otherwise in the proceeding, a different question would arise.

It is insisted that the provisions of the bankruptcy act found in sections 58 and 59 (Act July 1, 1898, c. 541, 30 Stat. 561, 562 [U. S. Comp. St. 1901, pp. 3444, 3445]) apply, and interdict the dismissal under review, because no notice of the proposed dismissal was given to creditors other than the petitioning creditors. The two sections must be read and construed together, and with the aid of the well-settled rule that specific provisions relating to a particular subject must govern, in respect to that subject, as against general provisions in other parts of the law, which might otherwise be broad enough to include it. Reading them thus their meaning is perfectly clear.

The first of the two sections enumerates the proceedings of which notice is to be given to creditors, and prescribes the length of time of the notice and the mode of giving it to the creditors. The second is particularly directed to the subject of filing and dismissing petitions, and, among other things, provides in effect that a voluntary petition shall not be dismissed by the bankrupt, and an involuntary petition shall not be dismissed for want of prosecution by the petitioner or petitioners therein, or by consent of parties, until after notice to the creditors. The creditors, which it refers to as being entitled to notice in an involuntary proceeding, are those mentioned in the list filed with the answer when any such list has been filed pursuant to subdivision d of the section, and those who have entered their appearance in the proceeding pursuant to subdivision f of the section. Unless such a list has been filed by the bankrupt, or creditors other than the petitioning creditors have filed their appearance, the court has no information in an involuntary proceeding of the names and addresses of the creditors who are entitled to the 10 days' notice prescribed by section 58, and consequently the provisions of section 58 cannot be intended to apply to such a case. Of course, the petition cannot be dismissed after there has been an adjudication, except with the consent of all the creditors. After that all the creditors have a vested interest in the proceeding, and, pursuant to General Order 9 (89 Fed. vi, 32 C. C. A. xiii), the bankrupt can be compelled to file a schedule of his creditors, or, if he is absent or cannot be found, it is the duty of the petitioning creditors to do so.

Under the bankruptcy act of 1867 the decisions were to the effect that the petitioning creditors before an adjudication were entitled to discontinue the proceeding upon the return day of the hearing or any adjourned day, and without any notice to the other creditors, unless other creditors had intervened in the proceeding; and, if the petitioning creditor or intervening creditors did not then appear and prosecute, the alleged bankrupt was entitled to a dismissal as of course. These decisions were made in view of provisions of the act which have not been incorporated into the present act. In re Lacey, Downs & Co., 12 Blatchf. 322, Fed. Cas. No. 7,965. Under the present act the proceedings upon the petition have the ordinary incidents of a hearing in equity, or, when a jury trial is demanded, of a trial at law, and are strictly inter partes; and it has no provision conflicting with the right of the debtor to have the petition dismissed for want of prosecution. This is as fairly his as is the right to have the petition dismissed if it is bad on demurrer, or if the averments are not upon the trial or hearing sustained by the proofs. In contemplation of the act, the filing of the petition in bankruptcy against a debtor is notice to all his creditors of the pendency of the proceeding, and the act gives to all an opportunity to intervene. If they do not choose in the permitted way to make themselves parties, there is no reason why those who are parties to it should not make such a disposition of the petition as they see fit; and there is certainly none why the debtor should be denied the ordinary right of a defendant to have the proceeding against him dismissed for want of prosecution.

We do not intend to decide that, where there is reason to suspect collusion, the court may not in its discretion refuse to dismiss an involuntary petition without giving the creditors, other than the petitioning creditors, an opportunity to oppose, and in this behalf require the debtor to file a list of his creditors and serve them with notice of the proposed dismissal. But when the court has reason to believe that the petition has been filed without just cause, as when there was no insolvency of the alleged bankrupt or no act of bankruptcy, this would be a harsh exercise of discretion, and would subject the debtor to unnecessary expense and delay.

In the present case no list of creditors had been filed, and no creditors had appeared other than the petitioning creditors, and there is no suggestion of any collusion between the petitioning creditors and the alleged bankrupt.

The order is affirmed, with costs.